IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:14CR111-HTW-FKB

CHRISTOPHER B. EPPS

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Comes now Defendant Christopher B. Epps and files this Reply to Government's Response in Opposition to Defendant's Motion for Compassionate Release.

### I. Argument

The bulk of the government's argument is that because Mr. Epps is vaccinated and has previously suffered with COVID-19, he is no longer at risk nor qualifies for compassionate release. This contention, however, is false. The government further claims that COVID-19 pandemic alone does not provide a basis for sentence reduction. We agree. It is the *combination* of Mr. Epps's health conditions with the dangers created by the COVID-19 pandemic motion that allows for his release under the "extraordinary and compelling reasons" prong of § 3583(c)(1)(A).

One district court described the pandemic as follows:

1

> We are in the midst of an unprecedented pandemic. COVID-19 has paralyzed the entire world. The disease has spread exponentially, shutting down schools, jobs, professional sports seasons, and life as we know it. It may kill 200,000 Americans and infect millions more.1 At this point, there is no approved cure, treatment, or vaccine to prevent it. People with pre-existing medical conditions—like petitioner Jeremy Rodriguez—face a particularly high risk of dying or suffering severe health effects should they contract the disease.

*United States v. Rodriguez*, 451 F. Supp.3d 392 (E.D. Pa. Apr. 1, 2020).

Many courts have held that being vaccinated does not preclude one from compassionate release. *United States v. Darby*, No. 1:10-CR-00432, 2021 WL 2463841, at *2 (N.D. Ohio June 17, 2021) ("The Court acknowledges that Mr. Darby is vaccinated so he is at a reduced risk of contracting a serious form of COVID-19 but being vaccinated does not automatically preclude a defendant from demonstrating "extraordinary and compelling reasons" justifying a sentence modification."); *United States v. Reyes*, 2021 U.S. Dist. LEXIS 99864, *6 (D. Conn. May 26, 2021) (granting compassionate release of defendant who received both doses of the vaccine; "newly available data describe 'breakthrough infections' caused by COVID variants in vaccinated populations"); *United States v. Spriggs,* 1:10-cr-00364-WDQ, ECF No. 48 (D. Md. May 10, 2021) (granting CR to individual who received one dose of COVID-19 vaccine because his "vaccination status does not greatly decrease the court's concern that his medical conditions increase his risk of severe illness due to COVID-19"); *United States v. Sweet*, No.

2

07-20369, 2021 WL 1339574, at *3 (E.D. Mich. Apr. 9, 2021), order amended and superseded, No. 07-20369, 2021 WL 1430836 (E.D. Mich. Apr. 15, 2021) (granting CR despite Mr. Sweet receiving vaccine and recovering from COVID-19, noting breakthrough infections in Michigan and risk from COVID-19 reinfection); *United States v. Bozon Pappa*, Defendant., No. 95-00084-CR, 2021 WL 1439714, at *4 (S.D. Fla. Apr. 1, 2021) (granting CR even though she "has received a COVID-19 vaccine, [Ms. Bozon Pappa] submitted evidence that the vaccine may not be completley effective in persons with obesity"); *United States v. Parish*, 2:07-CR-578-RMG, D.E. 158 at 4-5 (D.S.C. Mar. 17, 2021) (granting compassionate release based on COVID-19 risk factors, notwithstanding receipt of first vaccine dose); *United States v. Manglona*, 3:14-CR-05393-RJB (W.D. Wash. Mar. 3, 2021), D.E. 205 775 at 3 (granting reduction in sentence after vaccination); *United States v. Moynihan*, 1:10-CR-10288-MLW, ECF No. 239 (D. Mass. April 20, 2021) (granting compassionate release to vaccinated defendant with leukemia in oral ruling); *United States v. McLean*, 1:97-cr-00163-LMB (E.D. Va. Mar. 11 2021) (granting CR to defendant with heart disease who recovered from COVID-19 and received one dose of vaccine); *United States v. Hernandez Sandoval,* CR14-5105 (W.D. Wa. Feb. 22, 2021) (granting CR to defendant with kidney disease, transplant, and diabetes who received one dose of vaccine and recovered from COVID-19)*; United States v. Murakami*, No. 1:17-CR-10346-DPW, D.E. 80 (D. Mass. Feb. 25, 2021) (granting

CR to hypertensive defendant who had received one dose of the vaccine, and would receive second dose prior to release); *United States v. Bradshaw*, No. 1:96-CR-10032-DPW (D. Mass. Mar. 4, 2020) (granting CR to defendant who had received both Moderna vaccine doses); *United States v. Ricks*, 1:17-cr-00134-JMS-TAB (S.D. Ind. Apr. 22, 2021) (granting CR to defendant with chronic kidney disease, hypertension, and anemia who had received one dose of vaccine whose health declined after recovering from COVID-19). *See also United States v. White*, No. 3:17-CR-00104-2, 2021 WL 268719, at *4 (M.D. Tenn. Jan. 27, 2021) (granting CR despite vaccinations underway and noting that "just this month variants to the SARS-CoV-2 strain were identified that may (or may not) allow the virus to spread more quickly, lead to "more severe or less severe illness," and "evade vaccine-induced immunity.""); *United States v. Hatcher*, No. 18 CR. 454-10 (KPF), 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021) (granting compassionate release to fully vaccinated woman, based on the extreme conditions of confinement during the pandemic).

Moreover, as of May 5, 2021, at least 21 federal prisoners have died ***after*** testing positive for COVID-19, and then subsequently "recovering". [1]

---

[1] See, e.g., Bureau of Prisons, *Press Releases* on Deaths for: 1.) Solarzano, Adrian (FCI Terminal Island. COVID positive 4/16/20. Converted to "recovered" status 5/10/20. Then, hospitalized with complaints of chest pains and anxiety. Died May 24, 2020, age 54), https://www.bop.gov/resources/news/pdfs/20200527_press_release_trm.pdf;

2.) Morris, Daniel (FMC Lexington. COVID positive 5/12/20. Returned from hospital 5/21/20 due to "improved condition." Then, found unresponsive. Died July 1, 2020, age 70), https://www.bop.gov/resources/news/pdfs/20200702_press_release_lex.pdf;

3.) Porter, Gerald (FMC Lexington. COVID positive 5/29/20. Released from isolation 7/10/20 "based on two COVID-19 negative tests." Then, admitted to hospital with stroke, condition deteriorated. Died July 29, 2020, age 73), https://www.bop.gov/resources/news/pdfs/20200731_press_release_lex.pdf;

4.) Neba, Marie (FMC Carswell. COVID positive 7/3/20. "Considered recovered" 8/4/2020. Then, abdominal pain and shortness of breath, admitted to nursing care unit, transported to hospital, condition declined, placed on ventilator. Died Aug. 25, 2020, age 56), https://www.bop.gov/resources/news/pdfs/20200826_press_release_crw.pdf;

5.) Miller, Ricky Lynn (FCI Butner (Low). COVID positive 6/1/20. Tested negative 7/6/20. Then, shortness of breath and leg edema, transported to hospital 9/9/2020. Died Sept. 17, 2020, age 62), https://www.bop.gov/resources/news/pdfs/20200917_press_release_bux.pdf;

6.) Johnson, Barry (FCI Edgefield. COVID positive 8/16/20. Released from isolation 8/27/20. Then, on 9/15/20 unable to walk. Found unresponsive, stopped breathing. Died Sept. 23, 2020, age 48), https://www.bop.gov/resources/news/pdfs/220200926_press_release_johnson.pdf;

7.) Carey, Christopher (FCI Lompoc. COVID positive 5/4/20. "Considered recovered" 5/20/20. Then, hospitalized with progressive paralysis. Died Dec. 15, 2020, age 72), https://www.bop.gov/resources/news/pdfs/20201217_press_release_lom.pdf;

8.) Estrada, Carmelo (MCFP Springfield. COVID positive 10/24/20. Hospitalized, then returned to MCFP Springfield 11/6/20. "Found to be stable and asymptomatic for COVID-19 related symptoms" 11/13/20. Then, "Became unresponsive" 12/23/20, hospitalized. Died Dec. 23, 2020, age 58), https://www.bop.gov/resources/news/pdfs/202012292_press_release_spg.pdf;

9.) Gayles, Kevin (FCI Jesup. COVID positive 11/9/20. Converted to "recovered" status 11/19/20. Then, chest pains, hospitalized. Died Jan. 8, 2021, age 38), https://www.bop.gov/resources/news/pdfs/20210113_press_release_jes.pdf;

10.) Hill, Shauntae (FCI Terre Haute. COVID positive 9/14/20. Converted to "recovered" status 9/24/20. COVID positive again 12/12/20. Then, transported to hospital, placed on ventilator. Died Jan. 9, 2021, age 44), https://www.bop.gov/resources/news/pdfs/20210121_press_release_thx.pdf;

11.) Cunningham, Harry Edward (FCI Memphis. COVID positive 12/20/20. Converted to "recovered" status 12/29/20. Then, hospitalized. Died Jan. 12, 2021, age 54), https://www.bop.gov/resources/news/pdfs/20210115_press_release_mem_cunningham.pdf;

12.) Sarver, Spencer (USP Atlanta. COVID positive 3/30/20. Converted to "recovered" status 4/23/20. Then, still required constant medical care. Died Jan. 15, 2021, age 65), https://www.bop.gov/resources/news/pdfs/20210123_press_release_atl.pdf;

13.) Fultz, Joseph Lee (FCI Terre Haute. COVID positive 1/11/21. Converted to "recovered" status 1/25/21. Then, found unresponsive. Died Feb. 7, 2021, age 52), https://www.bop.gov/resources/news/pdfs/20210209_press_release_thx.pdf;

14.) Lafortune, Girard (FMC Devens. COVID positive 12/26/20. Converted to "recovered" status 1/18/21. Died Feb. 10, 2021, age 63),

One prisoner shares the same location, FCI Seagoville, and age, 60, as Mr. Epps.

Additionally, just because Mr. Epps's health conditions are not terminal, does not mean that his motion should be denied. *See United States v. Kelly*, 2020 WL 2104241 (S.D. Miss. May 1, 2020) (granting compassionate release to an individual in his late 20s without any health issues where BOP failed to control the outbreak of COVID-19 at the facility); *United States v. Chestnut*, 825 Fed. Appx. 138 (4th Cir. 2020) (affirming the granting of compassionate release request despite the fact that Mr. Chestnut was not vulnerable based on a compromised immune system or pre-existing medical condition); *United States v. Barkman*, 446

---

https://www.bop.gov/resources/news/pdfs/20210211_press_release_dev.pdf;
15.) Delargy, Johnathan (FCI Seagoville. COVID positive 6/26/20. Converted to "recovered" status 7/29/20. Then, chest pains, hospitalized. Died Feb. 27, 2021, age 60), https://www.bop.gov/resources/news/pdfs/20210303_press_release_sea.pdf;
16.) Trujillo, Fernando Marulanda (FCI Fort Dix. COVID positive 12/12/20. Converted to "recovered" status 12/22/20. Then, "transported to a long-term care facility . . . condition worsened." Died Mar. 25, 2021, age 69), https://www.bop.gov/resources/news/pdfs/20210329_press_release_ftd_trujillo.pdf;
17.) Williams, Leonard (MCFP Springfield. COVID positive 2/23/21. Converted to "recovered" status 3/22/21. Then, "unresponsive." Died Apr. 3, 2021, age 53), https://www.bop.gov/resources/news/pdfs/20210407_press_release_spg.pdf;
18.) Benavides, Jaime (MCFP Springfield. COVID positive 12/18/20. Converted to "recovered" status 12/28/20. Then, "condition worsened." Died Apr. 4, 2021, age 49), https://www.bop.gov/resources/news/pdfs/20210407_press_release_spg2.pdf;
19.) Archambault, Sr., Paul F. (FMC Devens. COVID positive 12/28/2020. Converted to "recovered" Status 1/8/21. Then, Post-acute COVID infection, acute kidney injury and acute heart failure. Died Apr. 13, 2021, age 83), https://www.bop.gov/resources/news/pdfs/20210429_press_release_dev_archambault.pdf;
20.) Noziska, Chad (FCI Sheridan. COVID positive 2/1/21. Converted to "recovered" status 2/22/21. Then, abdominal pain. Died Apr. 15, 2021, age 47), https://www.bop.gov/resources/news/pdfs/20210419_press_release_she.pdf;
21.) Davison, William Andrew (USP Tucson. COVID positive. Converted to "recovered" Status 1/7/21. Died April 16, 2021, age 61), https://www.bop.gov/resources/news/pdfs/20210420_press_release_tuc.pdf

F. Supp.3d 705 (D. Nev. Mar. 17, 2020) (suspending the defendant's intermittent confinement, because of the risks of being incarcerated during the pandemic even though the defendant did not allege that he fell within any particularly vulnerable age or health class).

Coronavirus cases inside prisons are still rising slowly.[2] The death count among prisoners is now over 2,500. However, an accurate national count of positive cases is no longer possible because the Federal Bureau of Prisons, which has had more prisoners infected than any other corrections system, has removed prisoners released after contracting the virus from its count. At least 390,782 prisoners have tested positive since last March. At least 107,537 prison staff have had the virus. Prisons have reported the deaths of 196 employees.

Furthermore, the government's argument is further undermined because by denying Mr. Epps' release, the district court would violate the Eighth Amendment. "Excessive bail shall not be required, not excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court

---

[2] Statistics within this paragraph comes from:
 "A State-by-State Look at Coronavirus in Prisons", The Marshall Project (Apr. 1, 2021).

https://www.themarshallproject.org/2020/05/01/a-state-by-state-look-at-coronavirus-in-prisons?utm_medium=email&utm_campaign=newsletter&utm_source=opening-statement&utm_term=newsletter-20210326-2400

stated that "prison officials may [not] be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). The Eighth Amendment requires that prisoners be provided "reasonable safety" which is a basic human need. *Id*. (citing *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 198, 200 (1989)). "It is 'cruel and unusual punishment to hold convicted criminals in unsafe conditions.'" *Id*. (quoting *Youngberg v. Romeo*, 457 U.S. 307, 315-316 (1982)).

As stated in Mr. Epps' previous motion, he would not be a danger to the public if released as he would self-quarantine and social distance himself. He has had no disciplinary infractions while incarcerated and has enrolled in an excess of educational courses. The BOP, which would know best whether Mr. Epps is a danger as he is has been housed with them for five years, qualifies his general risk level as **_negative one_** and his violent risk level as **_zero_**. The government also questions where Mr. Epps would reside if released; however, he has a strong support system within his marriage, which remains intact. The undersigned has personally spoken with his wife on separate occasions.

### IV. Conclusion.

The Court should enter an order granting Mr. Epps' Motion for Compassionate Release and direct the BOP to release Mr. Epps from FCI

Seagoville. The "extraordinary and compelling reasons" prong of § 3583(c)(1)(A) allows such relief.

WHEREFORE, Defendant Christopher B. Epps asks this Court to grant his Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted June 18, 2021.

                              **CHRISTOPHER EPPS, Defendant**

BY:   s/ *Princess Abby*
         **Princess Abby** (MB # 106000)
         Research & Writing Specialist
         Southern District of Mississippi
         200 S. Lamar St., Suite 200 North
         Jackson, Mississippi 39201
         Telephone: (601)948-4284
         Facsimile: (601)948-5510
         Email:  princess_abby@fd.org

         Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Princess Abby, certify that on June 18, 2021, this Reply was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

                                                s/ *Princess Abby*
                                                **Princess Abby** (MB # 106000)

                                                Attorney for Defendant